| Attorney or Party Name, Address, Telephone & FAX Numbers, State Bar Number & Email Address | FOR COURT USE ONLY |
|---|---|
| NEXUS BANKRUPTCY<br>Benjamin Heston (297798)<br>3090 Bristol Street #400<br>Costa Mesa, CA 92626<br>Tel: 949.312.1377<br>Fax: 949.288.2054<br>ben@nexusbk.com | |
| ☐ *Debtor appearing without attorney*<br>☒ *Attorney for*: Debtor | |

**UNITED STATES BANKRUPTCY COURT
CENTRAL DISTRICT OF CALIFORNIA  RIVERSIDE DIVISION**

| In re:<br><br>JACQUELINE SORROYA BURNETT,<br><br><br><br><br><br><br><br>Debtor(s). | CASE NUMBER: 6:24-bk-13434-SY<br>CHAPTER: 13 |
|---|---|
| | **DEBTOR'S NOTICE OF MOTION AND MOTION TO AVOID LIEN UNDER 11 U.S.C. § 522(f) AND, IF APPLICABLE, FOR TURNOVER OF PROPERTY (PERSONAL PROPERTY)** |
| | [No hearing required unless requested under LBR 9013-1(o)] |

**Creditor Name:** National Collegiate Student Loan Trust 2006-2

**TO THE CREDITOR, CREDITOR'S ATTORNEY AND OTHER INTERESTED PARTIES:**

1. **NOTICE IS GIVEN** that Debtor moves this court for an order, pursuant to LBR 9013-1(o) upon notice of opportunity to request a hearing (*i.e.*, without a hearing unless requested), (1) avoiding a lien on the personal property (Personal Property) described herein on the grounds set forth below and (2) directing turnover of the Personal Property to Debtor, if applicable.

2. **Deadline for Opposition Papers:**
   Pursuant to LBR 9013-1(o), any party opposing Debtor's motion may file and serve a written opposition and request a hearing on this motion. If you fail to file a written response within 14 days of the date of service of this notice, plus 3 additional days if you were served by mail or pursuant to Federal Rules of Civil Procedure 5(b)(2)(D) or (F), the court may treat such failure as a waiver of your right to oppose this motion and may grant the requested relief.

3. **Type of case:**
   a. ☒ A voluntary petition under Chapter  ☐ 7  ☐ 11  ☐ 12  ☑ 13  was filed on: 06/18/2024
   b. ☐ An involuntary petition under Chapter  ☐ 7  ☐ 11  was filed on: _____
      ☐ An order for relief under Chapter  ☐ 7  ☐ 11  was entered on: _____

---

*"Bankruptcy Code" and "11 U.S.C." refer to the United States Bankruptcy Code, Title 11 of the United States Code.
"FRBP" refers to the Federal Rules of Bankruptcy Procedure. "LBR" and "LBRs" refer to the Local Bankruptcy Rule(s) of this court.*

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

    c. ☐ An order of conversion to Chapter    ☐ 7    ☐ 11    ☐ 12    ☐ 13 was filed on: _____

    d. ☐ Other: _____

4. **Procedural Status:**

    a. ☒ Name of Trustee appointed (*if any*): Rod Danielson_____

    b. ☐ Name of Attorney for Trustee (*if any*): _____

5. Debtor claims an exemption in the subject Personal Property under:

    a. ☒ California Code of Civil Procedure § 703.140(b)(5) exemption amount claimed on schedules:

        $ 4,158.02_____

    b. ☐ California Code of Civil Procedure § _____ exemption amount claimed on schedules:

        $ _____

    c. ☐ Other statute (*specify*): _____

    d. ☐ Other statute (*specify*): _____

6. Debtor's entitlement to an exemption is impaired by:

    a. ☒ A judicial lien, other than a judicial lien that secures a debt of a kind that is specified in 11 U.S.C. § 523(a)(5) (domestic support obligations).

    b. ☐ A nonpossessory, nonpurchase-money security interest, the details of which are as follows:

        (1) On (*specify date*): _____ Debtor obtained a loan from Creditor in the principal amount of (*specify amount*): $ _____

        (2) As security for said loan, Debtor gave Creditor a security interest in the Personal Property in Debtor's possession.

        (3) The loan was neither obtained nor used for the purpose of buying the Personal Property.

        (4) The current balance due on the loan is (*specify amount*): $ _____

        (5) The Personal Property is one or more of the types of personal property listed in 11 U.S.C. § 522(f)(1)(B)(i), (ii), and (iii) (household furnishings, tools of the trade of the debtor, prescribed health aids for the debtor, household goods as defined in 11 U.S.C. § 522(f)(4), etc.).

7. On Schedule C to Debtor's bankruptcy petition, Debtor claimed an exemption in this Personal Property.

8. Debtor alleges that the fair market value of each individual item of the Personal Property claimed exempt is set forth in a declaration attached hereto. (*Attach Debtor's declaration to this motion*)

9. Debtor attaches the following documents in support of the motion (*as appropriate*):

    a. ☑ Schedule C listing all exemptions claimed by Debtor

    b. ☐ Loan agreement

    c. ☐ Security agreement

    d. ☐ Declaration of fair market value

    e. ☑ Other (*specify*): Sheriff's Notice of Bankruptcy Procedures

    f. ☐ Other (*specify*): _____

    g. ☐ Other (*specify*): _____

Total number of attached pages of supporting documentation: **5**

10. Debtor declares under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that this declaration was executed on (*date*) 06/18/2024  [28 U.S.C. § 1746(1) and (2)].

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

*December 2017*    Page 2    F 4003-2.2.AVOID.LIEN.PP.MOTION

Debtor requests that this court issue an order avoiding the subject lien and, if so provided in the proposed order, directing turnover of the Personal Property by Creditor pursuant to 11 U.S.C. §§ 542 or 543 in the form of the **Attachment** to this motion.

Executed on (date): 07/16/2024

_Signature of Debtor_

Jacqueline Sorroya Burnett
_Printed name of Debtor_

Date: 07/16/2024

/s/Benjamin Heston
_Signature of Attorney for Debtor_

Benjamin Heston
_Printed name of Attorney for Debtor_

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

_December 2017_         Page 3         F 4003-2.2.AVOID.LIEN.PP.MOTION

# ATTACHMENT TO MOTION/ORDER
## (11 U.S.C. § 522(f): AVOIDANCE OF NON-POSSESSORY, NONPURCHASE-MONEY LIENS, OR JUDICIAL LIENS, ON PERSONAL PROPERTY)

This court makes the following findings of fact and conclusions of law:

1. **Creditor Lienholder/Servicer:** National Collegiate Student Loan Trust 2006-2.

2. **Subject Lien:** Date of recordation (if applicable) of lien: _____; Recording information (if applicable): _____.

3. **Collateral description:** Garnished wages totalling $4,158.02. ☐ See attached page.

4. **Secured Claim Amount**
   a. Value of Collateral: ………………………………………………………………… $ 4,158.02
   b. Amounts of Senior Liens (reducing equity in the property to which the Subject Lien can attach):
      (1) First lien: ………………………………………………  ($_____)
      (2) Second lien: ……………………………………… ….  ($_____)
      (3) Third lien: ……………………………………………..  ($_____)
      (4) Additional senior liens (*attach list*): ………………  ($_____)
   c. Amount of Debtor's exemption(s): ……………………………  ($ 4,158.02 )
   d. Subtotal: ………………………………………………………………………….. ($ 4,158.02 )
   e. Secured Claim Amount (negative results should be listed as -$0-):   $ 0.00

   Unless otherwise ordered, any allowed claim in excess of this Secured Claim Amount is to be treated as a nonpriority unsecured claim and is to be paid pro rata with all other nonpriority unsecured claims (in Chapter 13 cases, Class 5A. of the Plan).

5. **Lien avoidance:** Debtor's Request to avoid the lien is granted as follows.

   a. ☐ The Subject Lien is a nonpossessory non-purchase money security interest in one or more of the types of personal property listed in 11 U.S.C. § 522(f)(1)(B)(i), (ii), or (iii), and the fixing of that lien impairs the Debtor's exemption(s).

   b. ☒ The Subject Lien is a judicial lien, other than a judicial lien that secures a debt of a kind that is specified in 11 U.S.C. § 523(a)(5) (domestic support obligations), and the fixing of that lien impairs the Debtor's exemption(s).

   c. The Subject Lien is void and unenforceable except to the extent of the Secured Claim Amount, if any, listed in paragraph 4.e. above.

6. **Other provisions:**
   a. ☒ Turnover of the Collateral by Creditor is required under 11 U.S.C. §§ 542 or 543.
   b. ☒ The court further orders as follows *(specify)*: The Sheriff is directed to promptly return the funds to the Debtor.

☐ See attached page(s) for more liens/provisions.

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

*December 2017*    Page 4    **F 4003-2.2.AVOID.LIEN.PP.MOTION**

# ATTACHMENTS

**Fill in this information to identify your case:**

| | | | | |
|---|---|---|---|---|
| Debtor 1 | **Jacqueline** | **Sorroya** | **Burnett** | |
| | First Name | Middle Name | Last Name | |
| Debtor 2 (Spouse, if filing) | First Name | Middle Name | Last Name | |
| United States Bankruptcy Court for the: | **Central** | District of | **California** | |
| Case number (if known) | **6:24-bk-13434-SY** | | | |

☑ Check if this is an amended filing

Official Form 106C

# Schedule C: The Property You Claim as Exempt          04/22

Be as complete and accurate as possible. If two married people are filing together, both are equally responsible for supplying correct information. Using the property you listed on *Schedule A/B: Property* (Official Form 106A/B) as your source, list the property that you claim as exempt. If more space is needed, fill out and attach to this page as many copies of *Part 2: Additional Page* as necessary. On the top of any additional pages, write your name and case number (if known).

**For each item of property you claim as exempt, you must specify the amount of the exemption you claim.** One way of doing so is to state a specific dollar amount as exempt. Alternatively, you may claim the full fair market value of the property being exempted up to the amount of any applicable statutory limit. Some exemptions—such as those for health aids, rights to receive certain benefits, and tax-exempt retirement funds—may be unlimited in dollar amount. However, if you claim an exemption of 100% of fair market value under a law that limits the exemption to a particular dollar amount and the value of the property is determined to exceed that amount, your exemption would be limited to the applicable statutory amount.

## Part 1: Identify the Property You Claim as Exempt

1. **Which set of exemptions are you claiming?** *Check one only, even if your spouse is filing with you.*
   - ☑ You are claiming state and federal nonbankruptcy exemptions. 11 U.S.C. § 522(b)(3)
   - ☐ You are claiming federal exemptions. 11 U.S.C. § 522(b)(2)

2. **For any property you list on *Schedule A/B* that you claim as exempt, fill in the information below.**

| Brief description of the property and line on *Schedule A/B* that lists this property | Current value of the portion you own<br><br>Copy the value from *Schedule A/B* | Amount of the exemption you claim<br><br>*Check only one box for each exemption.* | Specific laws that allow exemption |
|---|---|---|---|
| Brief description: **2018 Chevrolet Camaro**<br><br>Line from *Schedule A/B*: **3.1** | $11,000.00 | ☑ $0.00<br>☐ 100% of fair market value, up to any applicable statutory limit<br><br>☑ $0.00<br>☐ 100% of fair market value, up to any applicable statutory limit | **C.C.P. § 703.140(b)(2)**<br><br><br><br>**C.C.P. § 703.140(b)(5)** |

3. **Are you claiming a homestead exemption of more than $189,050?**
   (Subject to adjustment on 4/01/25 and every 3 years after that for cases filed on or after the date of adjustment.)
   - ☑ No
   - ☐ Yes. Did you acquire the property covered by the exemption within 1,215 days before you filed this case?
     - ☐ No
     - ☐ Yes

| Debtor 1 | Jacqueline | Sorroya | Burnett | Case number *(if known)* 6:24-bk-13434-SY |
|---|---|---|---|---|
| | First Name | Middle Name | Last Name | |

## Part 2: Additional Page

| Brief description of the property and line on *Schedule A/B* that lists this property | Current value of the portion you own<br><br>Copy the value from *Schedule A/B* | Amount of the exemption you claim<br><br>*Check only one box for each exemption.* | Specific laws that allow exemption |
|---|---|---|---|
| Brief description: **2021 Chevrolet Tahoe**<br>Line from *Schedule A/B*: **3.2** | $34,000.00 | ☑ $0.00<br>☐ 100% of fair market value, up to any applicable statutory limit<br>☑ $0.00<br>☐ 100% of fair market value, up to any applicable statutory limit | **C.C.P. § 703.140(b)(2)**<br><br>**C.C.P. § 703.140(b)(5)** |
| Brief description: **Household goods and furnishings**<br>Line from *Schedule A/B*: **6** | $1,000.00 | ☑ $1,000.00<br>☐ 100% of fair market value, up to any applicable statutory limit | **C.C.P. § 703.140(b)(3)** |
| Brief description: **Electronics**<br>Line from *Schedule A/B*: **7** | $500.00 | ☑ $500.00<br>☐ 100% of fair market value, up to any applicable statutory limit | **C.C.P. § 703.140(b)(3)** |
| Brief description: **Clothes**<br>Line from *Schedule A/B*: **11** | $500.00 | ☑ $500.00<br>☐ 100% of fair market value, up to any applicable statutory limit | **C.C.P. § 703.140(b)(3)** |
| Brief description: **Jewelry**<br>Line from *Schedule A/B*: **12** | $200.00 | ☑ $200.00<br>☐ 100% of fair market value, up to any applicable statutory limit | **C.C.P. § 703.140(b)(4)** |
| Brief description: **Cash**<br>Line from *Schedule A/B*: **16** | unknown | ☑ unknown<br>☐ 100% of fair market value, up to any applicable statutory limit | **C.C.P. § 703.140(b)(5)** |
| Brief description: **Altura Credit Union** **Checking account**<br>Line from *Schedule A/B*: **17** | $0.00 | ☑ $0.00<br>☐ 100% of fair market value, up to any applicable statutory limit | **C.C.P. § 703.140(b)(5)** |
| Brief description: **Altura Credit Union** **Savings account**<br>Line from *Schedule A/B*: **17** | $0.00 | ☑ $0.00<br>☐ 100% of fair market value, up to any applicable statutory limit | **C.C.P. § 703.140(b)(5)** |

Official Form 106C          Schedule C: The Property You Claim as Exempt          page **2** of **3**

| Debtor 1 | **Jacqueline** | **Sorroya** | **Burnett** | Case number *(if known)* | **6:24-bk-13434-SY** |
|---|---|---|---|---|---|
| | First Name | Middle Name | Last Name | | |

### Part 2: Additional Page

| Brief description of the property and line on *Schedule A/B* that lists this property | Current value of the portion you own  Copy the value from *Schedule A/B* | Amount of the exemption you claim  *Check only one box for each exemption.* | Specific laws that allow exemption |
|---|---|---|---|
| Brief description: **Altura Credit Union Checking account**  Line from *Schedule A/B:* **17** | $4.00 | ☑ $4.00  ☐ 100% of fair market value, up to any applicable statutory limit | **C.C.P. § 703.140(b)(5)** |
| Brief description: **CalSTRS**  Line from *Schedule A/B:* **21** | $93,000.00 | ☑ $93,000.00  ☐ 100% of fair market value, up to any applicable statutory limit | **C.C.P. § 703.140(b)(10)(E)** |
| Brief description: **Pre-petition wage garnishments being held by Riverside County Sheriff**  Line from *Schedule A/B:* **35** | $4,158.02 | ☑ $4,158.02  ☐ 100% of fair market value, up to any applicable statutory limit | **C.C.P. § 703.140(b)(5)** |

| TO (Name and Address) | LEVYING OFFICER (Name and Address): |
|---|---|
| Jacqueline S. Hardy aka Jacqueline S. Burnett<br>524 Botan St<br>Perris, CA 92572 | Riverside County Sheriff's Office<br>30755-D Auld Road, Ste. L067<br>Murrieta, CA 92563<br><br>(951) 304-5050<br>(951) 304-5066 |
| NAME OF COURT, JUDICIAL DISTRICT or BRANCH COURT, IF ANY:<br>Superior Court of California, County of Riverside<br>Historic Courthouse<br>4050 Main St<br>Riverside, CA 92501 | California Relay Service Number<br>(800) 735-2929 TDD or 711 |
| PLAINTIFF:<br>National Collegiate Student Loan Trust 2006-2, A Delaware St | COURT CASE NO:<br>RIC1505599 |
| DEFENDANT:<br>Jacqueline S. Hardy | |
| **Sheriff's Notice of Bankruptcy Procedures** | LEVYING OFFICER FILE NO.<br>2024201282 |

Bankruptcy Court: Central
Bankruptcy Case #: 6:24-bk-13434-SY
Bankruptcy Chapter: 13

Bankruptcy Filing Date: 06/18/2024
341 Meeting Date: 07/31/2024

Mailing Date: 06/25/2024

Pursuant to a creditor's instructions under a Writ of Execution, the Sheriff levied on and is currently holding the following property of the Judgment Debtor:

4158.02

The Judgment Debtor subsequently filed the above petition in bankruptcy. Future levies are stayed by the automatic stay as provided by 11 USC 362(a). As a custodian in possession of property of the debtor's bankruptcy estate, notice is hereby given to the above parties that, unless otherwise ordered by the bankruptcy court:

Upon the request of the trustee, the Sheriff will turn over the above property to the above trustee no earlier than five (5) days after the first meeting of creditors (341 meeting).

If the trustee declines to accept the turnover of the property or if there is no trustee appointed or if no court order directs otherwise, the Sheriff will transfer the property to the Judgment Creditor after the automatic stay is terminated.

**Judgment Creditor:**

If you oppose the Sheriff turning over the property to the trustee, you must obtain a bankruptcy court order directing otherwise.

**Judgment Debtor:**

If you seek the return of the property, you must obtain a bankruptcy court order directing the Sheriff to return the property to you. Unless the Sheriff's Department receives an Order Avoiding Lien or other court order directing otherwise, the Sheriff will sell the property and/or transfer the property to the creditor after the automatic stay is terminated.

**Bankruptcy Trustee:**

Upon your request, the property will be turned over to you, unless the bankruptcy court orders otherwise. The Sheriff will pay any storage costs up to and including the date the property is turned over to you. Thereafter, you are responsible for storage and handling costs. If, after receiving the property, you subsequently abandon the property to the debtor, please deliver the property to the debtor rather than the Sheriff.

Chad Bianco, Sheriff - Coroner

*N. Williams*

Sheriff's Authorized Agent

---

Sheriff's Notice of Bankruptcy Procedures
Defendant's Copy

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:

**3090 Bristol Street #400
Costa Mesa, CA 92626**

A true and correct copy of the foregoing document entitled (*specify*): **MOTION TO AVOID LIEN UNDER 11 U.S.C. §522(F) AND, IF APPLICABLE, FOR TURNOVER OF PROPERTY (PERSONAL PROPERTY)** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1**.  **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:
Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) 7/16/2024, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

Rod Danielson (TR)    notice-efile@rodan13.com
Benjamin Heston    bhestonecf@gmail.com, benheston@recap.email, NexusBankruptcy@jubileebk.net
United States Trustee (RS)    ustpregion16.rs.ecf@usdoj.gov

☐ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**:
On (*date*) 7/16/2024 I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

Judge Scott H. Yun
3420 Twelfth Street
Suite 345 / Courtroom 302
Riverside, CA 92501-3819

☐ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL**
Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) _____, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed (state method for each person or entity served):

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| 7/16/2024 | **Benjamin Heston** | /s/Benjamin Heston |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*                                                                                            **F 9013-3.1.PROOF.SERVICE**