**NEXUS BANKRUPTCY**
BENJAMIN HESTON (297798)
3090 Bristol Street #400
Costa Mesa, CA 92626
Tel: 949.312.1377
Fax: 949.288.2054
ben@nexusbk.com

Attorney for Debtor

UNITED STATES BANKRUPTCY COURT

CENTRAL DISTRICT OF CALIFORNIA - RIVERSIDE DIVISION

| | |
|---|---|
| In re:<br><br>JACQUELINE SORROYA BURNETT,<br><br>Debtor. | Case No: 6:24-bk-13434-SY<br><br>Chapter 13<br><br>**SUPPLEMENTAL POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO AVOID LIEN**<br><br>Hearing:<br>Date: August 6, 2024<br>Time: 1:30 p.m.<br>Courtroom: 302<br>Location: 3420 Twelfth Street<br>　　　　　　Riverside, CA 92501 |

  Debtor hereby submits this supplemental brief which addresses the narrow issue of whether the Court can grant a motion to avoid lien when the exemption being claim has not become "final" by virtue of the passage of the deadline for objections.

### POINTS AND AUTHORITIES

  Several courts have considered the reverse of the situation in this case – when a motion to avoid lien is filed *after* an exemption becomes final due to the passage of the deadline for objections – this has been referred to as "exemption by default". The Ninth Circuit BAP in *In re Morgan* stated as follows:

> "Finally, equity requires that the court consider the underlying basis for an exemption in the lien avoidance context. It is "entirely appropriate that a debtor about to eliminate another's property rights be put to his or her proof, and not be permitted to rely on a technical estoppel which is at best only tangentially related

1

to the lien avoidance issue in any event." *In re Montgomery*, 80 B.R. 385, 389 (Bankr. W.D. Tex. 1987). In fact, despite the claim of exemption, a lien avoidance action may never be commenced. Thus, requiring a secured creditor to object to an exemption when it is claimed, rather than when the debtor seeks to avoid the lien, fosters unnecessary litigation and may hinder the debtor's fresh start. *Id.* at 389-390."

*In re Morgan*, 149 B.R. 147, 152 (B.A.P. 9th Cir. 1993).

This illustrates that even if an exemption becomes final without objection, the court still retains the authority to assess the validity of the exemption when adjudicating lien avoidance motions. In this case, the Court's granting of the motion to avoid the lien does not equate to a final determination on the exemption's validity. Here, if the Court grants this motion, there is no reason why the Trustee or any other party could not later object to the exemption.

In the context of Chapter 13, the validity of the exemption affects the liquidation analysis. The Chapter 13 Trustee has ample time to scrutinize and, if necessary, object to the exemption within the specified period. The immediate need to avoid the lien does not preclude the Trustee's later examination of the exemption's validity.

The Debtor has claimed the wildcard exemption under California Code of Civil Procedure §703.140(b)(5) which allows an exemption in "any property". The wildcard exemption does not have any strings attached. This exemption is extremely flexible and there is no reasonable basis to object. The only situation which could cause a debtor to not be able to claim the wildcard exemption in a piece of property would be if 11 U.S.C. § 522(g) was implicated. However, §522(g) is only applicable to voluntary transfers. A wage garnishment is undoubtedly an involuntary transfer.

Respectfully submitted,

NEXUS BANKRUPTCY

Date: July 26, 2024

/s/Benjamin Heston
BENJAMIN HESTON,
Attorney for Debtor

2

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:

**3090 Bristol Street #400
Costa Mesa, CA 92626**

A true and correct copy of the foregoing document entitled (*specify*): **SUPPLEMENTAL POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO AVOID LIEN** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:
Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) 7/26/2024, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

Rod Danielson (TR)    notice-efile@rodan13.com
United States Trustee (RS)    ustpregion16.rs.ecf@usdoj.gov

☐ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**:
On (*date*) 7/26/2024 I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

Judge Scott H. Yun
3420 Twelfth Street
Suite 345 / Courtroom 302
Riverside, CA 92501-3819

☐ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL**
Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) _____, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed (state method for each person or entity served):

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| 7/26/2024 | **Benjamin Heston** | /s/Benjamin Heston |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*    **F 9013-3.1.PROOF.SERVICE**